UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ABDUL RAHMAN and ANISA RAHMAN,
*Plaintiffs,*

v. CIVIL ACTION NO. 4:26-CV-07938

KEMPER INDEPENDENCE INSURANCE COMPANY,
*Defendant.*

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Abdul Rahman and Anisa Rahman ("Plaintiffs"), by and through undersigned counsel, file this Amended Complaint against Kemper Independence Insurance Company ("Defendant" or "Insurer") and respectfully allege as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The amount in controversy includes unpaid policy benefits, statutory damages, and attorney's fees recoverable under Texas law.
2. Plaintiffs are individuals residing in Harris County, Texas, and are citizens of the State of Texas.
3. Defendant Kemper Independence Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. Defendant is therefore a citizen of Illinois for diversity purposes.
4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Harris

County, Texas, which is located within this District and Division, and the subject property is located in this District and Division.

**PARTIES**

5. Plaintiffs are residents of Harris County, Texas, and own the property that is the subject of this lawsuit.

6. Defendant is a foreign insurance company authorized to conduct the business of insurance in the State of Texas. Defendant may be served with process through its appointed agent for service of process, Corporation Service at 211 E 7th Street, Suite 620, Austin TX 78701.

**FACTS**

7. Plaintiffs are the named insureds under Kemper Independence Insurance Company Policy No. 1071530101 (the "Policy") issued by Defendant, effective October 22, 2023 through October 22, 2024, which was in full force and effect on the date of loss.

8. The Policy insured Plaintiffs' residential property located at 4203 Colombia Drive, Pasadena, Texas 77504 (the "Property"), and provided Coverage A – Dwelling limits of $571,100.00, Coverage B – Other Structures limits of $69,500.00, Coverage C – Personal Property limits of $347,700.00, and Coverage D – Loss of Use limits of $139,200.00, subject to an $11,422.00 deductible.

9. The Policy provided coverage for direct physical loss or damage caused by windstorm and hail, among other perils.

10. On or about July 8, 2024, the Property sustained significant covered damage caused by Hurricane Beryl, a windstorm event (the "Loss"), including damage to the roof and to the exterior and interior of the dwelling and other structures on the Property.

11. Plaintiffs timely notified Defendant of the Loss. Defendant assigned Claim No. 24123638200 (the "Claim").

12. Defendant inspected the Property and prepared an estimate dated on or about August 23, 2024 reflecting covered damage below the Policy's $11,422.00 deductible, and by letter dated on or about September 20, 2024 denied the Claim in its entirety on that basis, paying Plaintiffs nothing. Defendant failed to conduct a reasonable investigation of the Loss, failed to employ appropriately qualified consultants, and misrepresented both the scope of the covered damage and the terms of the Policy to Plaintiffs.

13. Following Plaintiffs' retention of counsel, Defendant re-inspected the Property and prepared a further estimate dated on or about April 4, 2026 reflecting $25,366.06 in replacement cost value — more than double the deductible Defendant had relied upon to deny the Claim in full — and issued a partial coverage disclaimer. On or about April 16, 2026, Defendant issued payment of $5,291.75. Plaintiffs obtained an independent damage assessment from True Assessments reflecting covered damage substantially in excess of the amounts Defendant has estimated and paid. After application of the deductible and credit for Defendant's payment, Defendant owes Plaintiffs unpaid Policy benefits in an amount to be established at trial.

14. This is a claim to which Chapter 542A of the Texas Insurance Code applies. On or about May 13, 2026, and more than sixty-one days before the filing of this suit, Plaintiffs provided Defendant with pre-suit written notice of the Claim in compliance with Tex. Ins. Code §§ 541.154 and 542A.003. By letter dated on or about May 20, 2026, Defendant rejected the demand and stood by its decision.

## CAUSES OF ACTION

**Count 1 – Breach of Contract**

15. Plaintiffs incorporate all preceding paragraphs.

16. The Policy is a valid and enforceable contract. Defendant breached the Policy by failing to pay for covered losses, by denying the Claim in its entirety, and by underpaying the Claim. This breach proximately caused Plaintiffs damages.

**Count 2 – Violations of Texas Insurance Code – Unfair Settlement Practices**

17. Plaintiffs incorporate all preceding paragraphs.

18. Defendant violated Tex. Ins. Code § 541.060(a) by:

    a. Knowingly misrepresenting material facts relating to coverage (§ 541.060(a)(1));

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement when liability was reasonably clear (§ 541.060(a)(2)); and

    c. Refusing to fully pay the claim without conducting a reasonable investigation (§ 541.060(a)(7)).

19. These violations were committed knowingly and are a producing cause of Plaintiffs' damages. Plaintiffs seek actual damages, additional damages, attorney's fees, and costs pursuant to Tex. Ins. Code § 541.152.

**Count 3 – Violations of Texas Insurance Code – Prompt Payment of Claims**

20. Plaintiffs incorporate all preceding paragraphs.

21. Defendant failed to comply with the deadlines and requirements for timely investigating, accepting, and paying the Claim, entitling Plaintiffs to statutory interest, attorney's fees, and all other relief available under Tex. Ins. Code §§ 542.055–542.060.

**Count 4 – Breach of the Duty of Good Faith and Fair Dealing**

22. Plaintiffs incorporate all preceding paragraphs.

23. Defendant breached its common-law duty of good faith and fair dealing owed to Plaintiffs. This breach was the proximate cause of Plaintiffs' damages. Plaintiffs further seek exemplary damages due to Defendant's malicious and/or grossly negligent conduct.

**DAMAGES**

24. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered and continue to suffer damages including:

- The full amount of covered damages under the Policy;
- Additional property damage caused by delay;
- Attorney's fees and costs; and
- Pre- and post-judgment interest.

25. Plaintiffs seek exemplary damages for Defendant's malicious, fraudulent, or grossly negligent conduct.

**JURY DEMAND**

26. Plaintiffs demand a trial by jury on all issues so triable.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs recover judgment against Defendant for actual damages, statutory damages, penalties and interest under Chapter 542 of the Texas Insurance Code, exemplary damages, pre-judgment and post-judgment interest, attorney's fees, costs of court, and all other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Dated September 18, 2026.

Respectfully submitted,

VG Law Group, LLP

*/s/Omar Giraldo*

Omar Giraldo
SDTX Fed. No. 3928000
ogiraldo@vg.law
property@vg.law
8751 W. Broward Blvd. Suite 200
Plantation, FL 33324
Telephone: (832) 626-5551
Fax: (713) 322-5953
COUNSEL FOR PLAINTIFFS